UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------

ZISSEY HOLCZLER on behalf of herself and
all other similarly situated consumers

                        Plaintiff,

       -against-

CAC FINANCIAL CORP.

                    Defendant.

---------------------------------------------------------

**CV-14 1545**

**GARAUFIS, J.**

**J. ORENSTEIN, M.J.**

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   MAR 0 7 2014   ★

LONG ISLAND OFFICE

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Zissey Holczler seeks redress for the illegal practices of CAC Financial Corp. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in Oklahoma City, Oklahoma.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7.   This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Zissey Holczler*

9.   Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.   On or about April 23, 2013, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11.   Said letter stated in pertinent part as follows: "Whenever $600.00 or more of a debt is forgiven as a result of settling a debt for less than the balance owing, the creditor may issue a 1099C form to the Internal Revenue Service, and mail you a copy of the same."

12.   Section 1692e of the FDCPA prohibits a debt collector from making false, deceptive, and misleading statements in connection with the collection of a debt.
Section 1692e(10) of the FDCPA prohibits a debt collector from using false representations or deceptive means to collect a debt alleged due.

13.   Advising Plaintiff that CAC Financial Corp.'s client, GE Capital Retail Bank/ Toys R Us, "may issue a 1099C form to the Internal Revenue Service," is deceptive and misleading, in violation of the FDCPA.
Section 6050P of the Internal Revenue Code requires that an "applicable entity" report any cancellation or discharge of indebtedness in excess of $600.00 if, and only if, there has occurred an identifiable event described in paragraph (b)(2) of that section.

14. Here, there is no basis to conclude that a triggering event has or will occur requiring GE Capital Retail Bank/ Toys R Us.

15. The gratuitous reference in a collection letter that a collector's client may contact the IRS is a collection ploy which suggests to the least sophisticated consumer that he or she could get in trouble with the IRS for refusal to pay the debt.

16. Said letter violated 15 U.S.C. § 1692e, and 1692e(10), by falsely representing that "may issue a 1099C form to the Internal Revenue Service." Such a statement is objectively false. Any forgiveness may not be reported to the IRS. The law prohibits the Defendant from reporting information about the consumer on a 1099C form unless certain "identifiable events" occur, none of which are applicable to the Plaintiff herein.

17. Said letter is false and deceptive in that it does not explain that it is only under certain limited circumstances that a 1099C Form may be reported to the IRS.

18. In addition, the debtor's alleged amount due is only $986.26, therefore it is in fact unlikely that there will be a forgiveness of over $600.

19. Said letter's language is false and deceptive in that it does not explain that the Defendant is prohibited from reporting any "forgiveness" unless and until both Plaintiff and Defendant have reached an "agreement" on the amount of the debt and the amount that is being discharged.

20. Said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on the difference between what the Defendant claims is owed and what the consumer agrees to pay.

21. Said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on any forgiven debt that is

comprised as interest as opposed to principal.

22.     The false statements mislead the consumer as to the impact of attempting to settle the matter for less than what the Defendant claims is owed.

23.     Said letter violated 15 U.S.C. § 1692e, §§ 1692e(5) and 1692e(10) by threatening to engage in an act which is legally prohibited. Defendant's statement that "the creditor may issue a 1099C form to the Internal Revenue Service," as contained within the said letter, could be read by the least sophisticated consumer, as a threat to engage in an act legally prohibited. The language falsely indicates that unless the consumer paid the full amount that the Defendant alleges is owed, the Defendant is going to unilaterally engage in conduct that is prohibited by law.

24.     Defendant's actions as described herein also violate § 1692e(8), in that the language contained within the said letter is a threat to report information that the Defendant knows, or should have known to be false. Defendant is not permitted to a file 1099C tax form relating to a consumer unless certain "identifiable events" occur. The threat to file such 1099C tax forms without regard for said. "Identifiable events" is a violation of § 1692e(8). The least sophisticated consumer could read this letter to mean that the Defendant is going to report to the IRS that the entire difference between what the Defendant says is owed, and what the Plaintiff pays, is taxable. The Defendant's letter fails to disclose to consumers that there is a distinction between principal and interest.

25.     The Defendant's actions as described herein are also unfair and unconscionable in violation of 15 U.S.C. § 1692f; as well as harassing and abusive in violation of 15 U.S.C. § 1692d.

26.     The Defendant's letter gives consumers objectively false and deceptive tax advice.

27.   The Defendant's letter could mislead the least sophisticated consumer that unless the consumer pays the entire amount that the Defendant alleges is owed on the alleged debt, the consumer is going to be reported to the IRS.

28.   The Defendant's letter could mislead the least sophisticated consumer into believing that unless the consumer pays the entire amount Defendant alleges is owed for the debt, the consumer is going to have to pay taxes on the entire unpaid balance.

29.   The Defendant voluntarily chooses to give the tax advice found in the Defendant's letter. No tax law or regulation obligates the Defendant to include the notice regarding tax form 1099C in their collection letters.

30.   It is false and deceptive for the Defendant to give erroneous and/or incomplete tax advice to consumers regarding 1099C tax forms.

31.   Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is a FDCPA violation. Kuehn v. Cadle Co., 5:04-cv-432-Oc-10GRJ, 2007 U.S. Dist. LEXIS 25764 (M.D.Fla., April 6, 2007). (This includes a statement that a 1099 must be issued when a 1099 is not required.) Wagner v. Client Services, Inc., 08-5546, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009). (Many classes have been certified.), see Sledge v. Sands, 1998 WL 525433(class certified) and see Follansbee v. Discover Fin. Servs., 2000 U.S. Dist. LEXIS 8724 (N.D. Ill. June 14, 2000). Granting final approval of the proposed class action settlement and application for attorney fees and incentive award for confusing debt collection letter about canceled debt tax liability.

## AS AND FOR A FIRST CAUSE OF ACTION
*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

32.   Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty one (31) as if set forth fully in this cause of action.

33.   This cause of action is brought on behalf of Plaintiff and the members of a class.

34.   The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter, bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff on or about April 23, 2013; (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to GE Capital Retail Bank/ Toys R Us; and (b) the collection letter was not returned by the postal service as undelivered, and (c) the Defendant violated 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(8), 1692e(10), and 1692f, for harassment and by threatening to engage in an act which is legally prohibited.

35.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A.   Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B.   There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C.   The only individual issue is the identification of the consumers who received such collection letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of the Defendant.

D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

36.  A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

37.  If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

38.  Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

39.  The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

40.     Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and

the members of the class are entitled to damages in accordance with the Fair Debt

Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that

this Court enter judgment in her favor and against the Defendant and award damages as follows:

      (a)     Statutory and actual damages provided under the FDCPA, 15 U.S.C. §

               1692(k);

      (b)     Attorney fees, litigation expenses and costs incurred in bringing this

               action; and

      (c)     Any other relief that this Court deems appropriate and just under the

               circumstances.

Dated: Cedarhurst, New York
February 28, 2014

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

CAC FINANCIAL CORP
2601 NW EXPRESSWAY, SUITE 1000 EAST
OKLAHOMA CITY, OKLAHOMA 73112-7236
(405) 425-1550 • 1-800-304-6070
FAX (405) 425-1590
04-23-13

HOLCZLER, ZISSEY
166B CLINTON LN
SPRING VALLEY, NY 10977

CLIENT: GE CAPITAL RETAIL BANK/TOYSRUS - MC (CONV)
FILE #              : 13802439
ACCOUNT NAME        : Zissey Holczler
DATE ASSIGNED       : 02-15-13
BALANCE             : $986.26

Re: Settlement Proposal

Our above referenced client has authorized CAC Financial Corp to offer you an excellent opportunity to settle your financial obligation for 75% of the above outstanding account balance.

This letter is to confirm that if our office receives $739.70 by 05-06-2013 the above referenced account will be settled for less than the balance due.

We are not obligated to renew this offer.

Mail your check or please contact Rosalva Grant at 877-218-5896 extension 556.

Whenever $600.00 or more of a debt is forgiven as a result of settling a debt for less than the balance owing, the creditor may issue a 1099C form to the Internal Revenue Service, and mail you a copy of the same. We encourage you to consult your legal or tax advisor if you have any questions regarding the foregoing.

CAC FINANCIAL CORP
PLEASE CONTACT ROSALVA GRANT AT 877-218-5896 EXTENSION 556

THE NEW YORK DEPARTMENT OF CONSUMER AFFAIRS HAS ASSIGNED LICENSE #0991650 TO THIS AGENCY.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

- - - - - - - - - - - - - - - - - - - - - - - - - DETACH AND RETURN WITH PAYMENT - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

2601 NW EXPRESSWAY SUITE 1000 EAST          BALANCE DUE: $986.26
OKLAHOMA CITY, OK 73112-7236

Change Service Requested

PERSONAL & CONFIDENTIAL
#BWNLMRT                                      YOU MAY MAKE PAYMENTS TO:
#0058 0001 2404 2673#

HOLCZLER, ZISSEY              13802439
166B CLINTON LN                              CAC FINANCIAL CORP
SPRING VALLEY, NY 10977                       2601 NW EXPRESSWAY SUITE 1000 EAST
                                              OKLAHOMA CITY, OK 73112-7236
                                              IhululhuullulluldIluulululuIlllulluhuulllluulll